UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

Eastern District of Kentucky
FILED
APR 08 2024
AT ASHLAND
Robert R. Carr
CLERK U.S. DISTRICT COURT

CRIMINAL ACTION NO. 24-CR-3-DLB-CJS

UNITED STATES OF AMERICA     PLAINTIFF

V.     **PLEA AGREEMENT**

DAMON CHRISTOPHER STOUT     DEFENDANT

\*   \*   \*   \*   \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to the sole count of the Indictment charging a violation of 18 U.S.C. § 922(g)(1), possession of a firearm by a convicted felon.

2. The essential elements of the sole count of the Indictment are as follows:

   (a) That the defendant had been convicted of a crime punishable by imprisonment for more than one year and knew he had been convicted of such a crime punishable by imprisonment for more than one year at the time of the offense;

   (b) That the defendant, following his conviction, knowingly possessed a firearm; and

   (c) That the firearm crossed a state line prior to the defendant's possession.

3. As to the sole count of the Indictment, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

1



(a) The Defendant was convicted of several felonies in Ohio between 1993 and 1995.

(b) On May 2, 2023, Victim H reported to West Liberty Police Department that she had been raped by the Defendant. On May 3, 2023, the Defendant stole a vehicle and attempted to flee the area. Later that day, South Shore Police Department ("SSPD") encountered a vehicle matching the description of the one reported stolen out of West Liberty, KY. Upon an SSPD officer's initial contact with the vehicle, the vehicle made several menacing maneuvers, prompting the officer to draw his weapon. The driver eventually complied and the SSPD officer conducted a traffic stop, identifying the operator as the Defendant. During the stop, SSPD observed a Glock 19, serial # BEPB480, on the driver's side floorboard. Following the Defendant's arrest, he admitted in jail calls that he turned his vehicle to face the officer and that he was either going to "slam on the gas or pull that gun and start shooting." According to the Defendant, he only changed his mind because the officer had his gun drawn when Stout turned the vehicle towards the officer. Federal law enforcement later performed an interstate nexus analysis and confirmed that the Glock 19 moved in interstate commerce.

(c) The Defendant admits that he knowingly possessed the above-listed Glock 19 firearm, which was manufactured outside the state of Kentucky. He further admits that he was prohibited from possessing the firearm as he had been convicted of and knew at the time of the offense that he had been convicted of a crime punishable by imprisonment for more than one year, including but not limited to:

   i. Burglary, Forgery, and Receiving Stolen Property, by final judgment of the Common Pleas Court in Stark County, Ohio, Case No. 1994CR0200, in September of 1994.

   ii. Aggravated Burglary, by final judgment of the Common Pleas Court in Stark County, Ohio, Case No. 1994CR0600-CR-740-001, in April of 1995; and

   iii. Attempted Rape, by final judgment of the Common Pleas Court in Stark County, Ohio, Case No. 1994CR0838B, in May of 1995.



4. The statutory punishment for the sole count of the indictment is not more than 15 years imprisonment, not more than a $250,000 fine, and a term of supervised release of not more than 3 years. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment as ordered by the Court.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guideline calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

   (a) The United States Sentencing Guidelines (USSG) in effect as of November 1, 2023, will determine the Defendant's guidelines range.

   (b) Pursuant to USSG § 1B1.3, the Defendant's relevant conduct includes the facts set forth in paragraph 3 and the provided discovery materials.

   (c) Pursuant to USSG § 2K2.1(a)(4), the base offense level is 20 because the defendant committed the instant offense subsequent to sustaining one felony conviction of either a crime of violence or controlled substance offense.

   (d) Pursuant to U.S.S.G. § 2K2.1(b)(6)(B), increase the offense level by 4 because the defendant possessed the firearm in connection with another felony offense.

   (e) Pursuant to U.S.S.G. § 3C1.2, increase the base offense level by 2 because the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer.

   (f) Pursuant to USSG. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists about the Defendant's criminal history category pursuant to USSG Chapter 4. Further, no agreement exists as to U.S.S.G. § 2K2.1(b)(1) relating to the number of firearms or USSG § 2K2.1(b)(4)(A) relating to the origin of the firearm.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant reserves the right to appeal the sentence if the Court goes above the guideline range determined by the Court at the time of sentencing. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The Defendant consents to the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property listed in the forfeiture allegation of the Indictment. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offense to which he is pleading guilty, as set forth in the forfeiture allegation of the Indictment. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to executing any documents necessary for the surrender and transfer of title to the United States. The Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the assets identified herein in any administrative or judicial



proceeding, or to assist any other person or entity with doing so. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives his right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

10. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

11. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete, sign, and return to the United States Attorney's Office a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. Upon request, the Defendant agrees to provide the United States Attorney's Office with records verifying his financial information or with any releases required to obtain such records, with such releases being valid for a period extending 90 days from the



date of sentencing. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. Prior to sentencing, the Defendant agrees to notify the United States Attorney's Office and obtain its consent before transferring, encumbering, or disposing of any interest in property with a value exceeding $1,000.00 owned or controlled directly or indirectly, individually or jointly, by the Defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The Defendant agrees to notify the United States Attorney's Office of any material changes in his economic circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

12. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum



schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613. The Defendant expressly authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court. The Defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

13. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

14. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

15. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.



16. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

                                              CARLTON S. SHIER IV
                                              UNITED STATES ATTORNEY

Date: 4/5/24                     By: _____
                                              Mary Melton
                                              Assistant United States Attorney

Date: 4\8\24                   _____
                                              Damon Christopher Stout
                                              Defendant

Date: 4-8-24                   _____
                                              Jeremy Clark
                                              Attorney for Defendant

