UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CRIMINAL ACTION:  24-CR-0003-DLB

UNITED STATES OF AMERICA                                                              PLAINTIFF

VS.

DAMON CHRISTOPHER STOUT                                                       DEFENDANT

**SENTENCING MEMORANDUM**

Comes the Defendant, Damon Christopher Stout, by and through the undersigned counsel, and hereby submits the following Sentencing Memorandum.  As everyone is well aware, the sentencing factors are set forth under 18 USC Section 3553(a).

**1.    The nature and circumstances of the offense and the history and characteristics of the Defendant.**  In reviewing the Presentence Investigative Report, the Defendant's total **criminal history score is (6)** and he is a Category III.

The Defendant's personal history and physical condition is fully and adequately addressed in the presentence report.  Mr. Stout is 49 years old and the report contains information about his upbringing that indicates a difficult childhood along with a number of mental health issues.  Mr. Stout immediately accepted responsibility regarding the charges in this matter.

**2.    The Court must impose a sentence sufficient, but not greater than necessary, to comply with the purpose sentencing set forth in 18 USC Section 3553(a)(2).**  Obviously, Mr. Stout made a number of bad decisions and mistakes in his life.  More recently he developed an

addiction to controlled substances. Mr. Stout has never received any treatment for his substance abuse issue and he believes it would be beneficial to receive treatment through the RDAP program.

The presentence report guideline range is 57-71 months and his adjusted offense level is 23 after the 3-point reduction for acceptance of responsibility. The Defendant is not requesting a variance below the guideline range. The Defendant does request his sentence be ran concurrent with whatever state sentence he receives for the charges pending in state court in Kentucky. The Defendant believes it would be justified in the current case as all of those cases involve the same firearm at issue in this matter.

    **3.**    **The need for the sentence to deter, protect, and rehabilitate.** In this particular case, the need to rehabilitate and deter Mr. Stout from becoming involved in activity of this nature again can be met by sentencing the Defendant to a minimum guideline range sentence along with running it concurrent with any state sentence he receives. Mr. Stout immediately accepted responsibility for his conduct in this case and saved the United States valuable resources and expenses by doing so.

Mr. Stout is sober for the first time in many years and he requests additional substance abuse treatment/mental health treatment to assist him upon release. He further requests the treatment continue after release from incarceration.

The need for the sentence to deter, protect, and rehabilitate Mr. Stout can be met by a sentence to the minimum guideline range that runs concurrently with any state sentences the Defendant may receive.

**4.     The seriousness of the offense, the need to promote respect for the law, and to provide just punishment.**  Undoubtedly, any criminal offense is serous in and of itself.  This Defendant is asking for a just punishment that would promote respect for the law.  As stated previously, Mr. Stout has a criminal **history point calculation of (6) and Category of (III)**.  Mr. Stout immediately accepted responsibility and saved valuable resources and time of the federal government.  The need to promote respect for the law and provide just punishment would be met by a minimum guideline range sentence that runs concurrently with any state sentences.

**5.     To protect the public from further crimes of the Defendant.**  A guideline range sentence along with substance abuse and mental health treatment to assist her upon him upon his release from incarceration would be sufficient to protect the public from further crimes of the Defendant.

**6.     To avoid unwarranted sentence disparity.**  No other individuals have been charged in this matter.  However, a review of Judiciary Sentencing Information (JSIN) reveals that 610 individuals in the last 5 years have been similarly charged as Mr. Stout with the same criminal history score and category.  A copy of the information is attached as Exhibit 1.  This information reveals the median length of imprisonment across the United States for an individual in the same position as the Defendant in this matter is 57 months.   Mr. Stout requests the court sentence him to the lowest end of the guideline range to avoid unwarranted sentencing disparity.

**7.     Request for Variance.**  The Defendant does not request a downward variance.

Wherefore, the Defendant Damon Stout, prays the Court sentence him within the recommended guideline range when considering all the aforementioned factors.

        Respectfully submitted,

        /s/ Jeremy L. Clark
        _____

        Jeremy L. Clark
        Attorney for Damon Stout
        P.O. Box 532
        Catlettsburg, KY 41129
        (606) 739-6774
        Fax (606) 739-9125

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Motion was electronically mailed to all appropriate parties on said date.

/s/ Jeremy L. Clark
_____
Jeremy L. Clark